IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT L. HUNTER,

    **Plaintiff,**

v.

VERDELL E. BUGG, et al.,

    **Defendants.**

Case No. 5:19-cv-04011-HLT-ADM

## MEMORANDUM AND ORDER

Pro se Plaintiff Robert L. Hunter[1] brings this action against Verdell and Earlene Bugg, People's Insurance Group,[2] and David Kellett, a claims specialist at State Farm. Doc. 5. Defendants move to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. Docs. 14, 21, 23. Because Plaintiff fails to establish a basis for subject-matter jurisdiction, the Court grants the motions and dismisses this case without prejudice.

### I.    BACKGROUND

Although the underlying allegations are difficult to discern, Plaintiff's claims stem from a fire and insurance dispute. Plaintiff leased property in Topeka, Kansas, from Verdell and Earlene Bugg. On one occasion, Verdell Bugg restored electricity at the leased property. At some point, a fire ensued at the leased property and caused damage. People's Insurance Group denied coverage because Verdell Bugg failed to make payments.

---

[1]   Because Plaintiff is pro se, the Court liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court may not become an advocate for him. *Id*. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[2]   The complaint lists "People Insurance Group/Doug Hutchingson." Doc. 5 at 2. People's Insurance Group appears to be the defendant.

Plaintiff then filed this lawsuit against Defendants and alleged diversity jurisdiction. Plaintiff is a citizen of Kansas. In the amended complaint, he lists Kansas addresses for Verdell Bugg, Earlene Bugg, and People's Insurance Group, and a Georgia address for Kellett. Verdell and Earlene Bugg and People's Insurance Group answered the amended complaint, but Kellett moved to dismiss. Subsequently, Verdell and Earlene Bugg and People's Insurance Group also moved to dismiss. All the motions are under Federal Rule of Civil Procedure 12(b)(1) and argue that Plaintiff fails to establish subject-matter jurisdiction.[3]

## II. STANDARD

A Rule 12(b)(1) motion presents either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When the motion to dismiss is a facial attack, the Court presumes the veracity of the complaint's allegations. *Id.*

## III. ANALYSIS

Defendants seek to dismiss Plaintiff's complaint in its entirety arguing the Court lacks subject-matter jurisdiction. For the following reasons, the Court agrees that Plaintiff fails to establish diversity jurisdiction and that dismissal is warranted.

Plaintiff, as the party seeking to invoke subject-matter jurisdiction, bears the burden of establishing it. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). There

---

[3] Plaintiff argues the motions to dismiss violated this Court's answer deadline. Docs. 27, 28. The Court disagrees. The answers were timely, and the motions to dismiss followed shortly after. *See Elliott v. Employers Reinsurance Corp.*, 534 F. Supp. 690, 692 (D. Kan. 1982) (holding the defendant did not waive any objection to subject matter jurisdiction by failing to raise the issue before its answer). Parties can challenge subject-matter jurisdiction "any time prior to final judgment." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004)). And the Court has an independent duty to confirm its own jurisdiction. *Id.*

are two primary avenues for subject-matter jurisdiction: federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff does not assert federal-question jurisdiction, and this Court discerns no federal law implicating its jurisdiction. Thus, Plaintiff must establish diversity jurisdiction to defeat these motions.

Diversity jurisdiction requires diversity of citizenship among the parties and an amount in controversy over $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff alleges $100,000 in damages, which satisfies the amount in controversy component. Doc. 5 at 4. But he fails to establish diversity of citizenship. Specifically, "[d]iversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Based on the allegations, Plaintiff, Defendants Verdell and Earlene Bugg, and Defendant People's Insurance Group are citizens of Kansas. Thus, complete diversity is lacking.[4] Because Plaintiff fails to establish diversity jurisdiction, the Court lacks subject-matter jurisdiction and must dismiss this case without prejudice.

**IV.    CONCLUSION**

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss (Docs. 14, 21, 23) are GRANTED. This case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: June 28, 2019            /s/  Holly L. Teeter
                                HOLLY L. TEETER
                                UNITED STATES DISTRICT JUDGE

---

[4]    Although the Court is limited to the amended complaint, the Court notes that the summons for Earlene Bugg, Verdell Bugg, and People's Insurance Group were returned executed after service by certified mail at the Kansas addresses. In addition, Earlene Bugg and Verdell Bugg confirm Kansas citizenship in their answer.